No. 12.—WILLIAM N. JONES *et al.* heirs and distributees of RAN-
DAL JONES, deceased, plaintiffs in error, *vs.* MOSES JONES and
TOLIVER JONES, executors, &c. defendants.

[1.] R. Jones, by his last will, bequeathed a large property to certain per-
sons, upon the conditions following, viz : "equally to my son William, and
to my daughters Eliza, Polly, Katy and Sarah; and as respects my said
daughters, I give the same to them, and them only, personally, individually
and exclusively, and to their children, and not to their husbands; the property
and interest which may fall to, and belong to said Eliza, Polly, Katy and Sa-
rah, my daughters, is hereby willed and devised to them, and each of them ·
and their children, the children of their bodies, and not to their present or fu-
ture husbands, or either of them; nor to belong, either in right or in dispo-
sition, to their husbands, but, as before mentioned, is hereby willed and
devised, *bona fide*, in right and use, to said Eliza, Polly, Katy and Sarah, my
daughters and their children, respectively, and to them only, so long as they,
or either of them, shall live. In the division, the said William, Eliza, Polly,
Katy and Sarah, taking share and share alike, the latter for themselves and
children, each mother representing one share, or part:" *Held*, that under
this clause, each daughter takes an estate for life to her separate use, and af-
ter death, remainder to her children, born and to be born.

In Equity, in Harris Superior Court. Tried before Judge AL-
EXANDER, March Term, 1849.

Randal Jones died testate, leaving a large estate, amounting to
$250,000. By his will, after giving some specific legacies, he be-
queathed the bulk of his estate, under the following clause :

*Item 14th.* I will, bequeath and devise all my remaining prop-
erty, of whatever kind, either in lands, negroes, money, debts or in
any rights and interests whatever, in equal division, to the follow-
ing persons, upon the condition and restrictions following, to wit :
equally, to my son, William N. Jones, and to my daughters, Eliza
Dowdy, Polly Jackson, Sarah Howard and Katy Arnold; and as
respects my said daughters, I give the same to them, and to them
only, personally, individually and exclusively, and to their chil-
dren, and not to their husbands; this division to take place after
the special legacies, hereinbefore mentioned, are made. It is fur-
ther provided and reserved, that any child or children, which may
hereafter be born of mine, shall first have, each, eight thousand
dollars out of my remaining property, after the above and forego-
ing special legacies; and before, and to the exclusion so far, of

remaining divisions between said William N. Jones, Eliza Dowdy, Polly Jackson, Sarah Howard and Katy Arnold, the property and interest which may fall to and belong to said Eliza Dowdy, Polly Jackson, Sarah Howard and Katy Arnold, and Luvany Jones and Frances Jones, my daughters, is hereby willed and devised to them, and each of them, and their children, the children of their bodies, and not their present or future husbands, of them, or either of them, not to belong, either in right or disposition, to their husbands, but as before mentioned, is hereby willed and bequeathed, *bona fide*, in right and use, to the said Eliza Dowdy, Polly Jackson, Sarah Howard, Katy Arnold and Frances Jones and Luvany Jones, my daughters, and their children, respectively, and to them only, so long as they, or either of them, shall live. In the division, the said William N. Jones, and the said Eliza, Polly, Sarah and Katy, taking share and share alike, the latter for themselves and children, each mother representing one share or part."

Polly Jackson died shortly after the testator.

Difficulties having arisen as to the construction of this clause of Randal Jones' will, a bill was filed by William N. Jones, the children of Polly Jackson, deceased, Sarah Howard and her children, Eliza Dowdy and her children, and Katy Arnold and her children, setting out the will, and praying that one-fifth of the residue should be decreed and paid over to the separate use of Sarah Howard, Eliza Dowdy and Katy Arnold; one-fifth to William N. Jones, and the remaining fifth to the children of Polly Jackson.

The executors, by their answer, submitted to the Court to place a proper construction upon this item of the will.

Upon the trial, the Court charged the Jury that " the 14th and last clause of the will of the said Randal Jones, according to the true construction and meaning thereof, bequeathed to the complainants, who are married women, a separate estate in fee, free from the rights and control of their husbands, and that upon their death, it descended to their heirs at law, and not to their children ; that the complainants, William N. Jones, Sarah Howard, Eliza Dowdy and Katy Arnold should each recover one-fifth part of the property subject to distribution under the said clause ; that the heirs at law of Polly Jackson, deceased, to wit : her husband and children, according to the legal construction of said clause, were entitled to recover the remaining one-fifth of said residue ;

that the receipts of the complainants would be a legal and suffi-
cient discharge from other and future liability for said portions,
respectively; and that the share of Polly Jackson should be divi-
ded in equal portions to her husband and children, and the re-
ceipts of them, and their legal guardians, where minors, should
be a sufficient discharge.

· To this charge, the complainants excepted, and allege the same
to be erroneous.

The cause was submitted to this Court without argument.

HINES HOLT, for plaintiff in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This cause has been submitted without argument, or authority,
or appearance on either side. Had we understood it properly,
we should unhesitatingly have declined the responsibility which
such a disposition of it involves.

[1.] It was manifestly the intention of the testator, that each of
his daughters, named in the *fourteenth item* of his will, should take
a separate estate for life in one-fifth of the property, real and per-
sonal, therein bequeathed, with remainder in fee to their children
respectively, born and to be born ; and we see nothing in the
technical terms of the instrument to contravene, necessarily, this
purpose.   We have looked alone to the last clause in this *item*, as
that must control the construction to be put upon the will.   We
shall, consequently, direct the following order to be entered in the
case :

It is considered and adjudged by the Court, that the judgment
of the Court below be reversed, and that the cause be remanded
for a new trial, with the following instructions, namely: that it
is the opinion of this Court, and it so adjudges, that by the
fourteenth clause of the testator's will, each of his married daugh-
ters therein named, is entitled to a separate estate for life, to one-
fifth of the property contained in said item; and that at their
deaths, respectively, the same be divided equally among their
children respectively—not only such as were born at the death of
the testator, but such as might thereafter be born ; and it is far-
ther ordered, that the decree rendered in the Court below be mod-
ified in conformity with this opinion.