### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLEDGEVILLE.

### NOVEMBER TERM, 1852.

Present—JOSEPH H. LUMPKIN, ⎫
       HIRAM WARNER,    ⎬ Judges.
       EUGENIUS A. NISBET. ⎭

No 58.—The Lessee of ANDREW J. MILLER, surviving executor, &c. plaintiff in error, *vs.* ELIZABETH HURT, tenant, &c. defendant in error.

[1.] The fourth item of the will of Charles S. Hurt, deceased, was in the following words, to wit: "I give and devise to my trusty friend, Andrew J. Miller, as trustee for the property herein devised and bequeathed, for the use of my nephew, Spencer Hurt, during his natural life, and to his children that he may have, by his present wife, or any other future wife that he may have all that tract or parcel of land, lying and being in the County of Baldwin, of said State, joining Napier and others, containing 972¼ acres, more or less, with all the rights, members and appurtenances thereto belonging; all of the aforesaid tract of land, I devise and direct, be for the use of the said Spencer, during his natural life, in such a way that he, the said Spencer, cannot dispose of it, in any shape, manner or form; and after his, the Spencer's death, to go to his children, if any he may have ; and if he the said said Spencer, should depart this life without children, then the land to be sold and divided as my other lands." Upon the question, whether Spencer Hurt, having never had any children, took an estate tail, either express or by implication ? *Held*, that he did not.

Ejectment, in Baldwin Superior Court. Tried before Judge JOHNSON. August Term, 1852.

The lessee of the plaintiff in this case, claimed the premises in dispute, as the surviving executor of the last will of Charles S. Hurt, deceased, and also, in another count, as trustee under the said will. The defendant claimed, as the widow and administratrix of Spencer Hurt, deceased. Upon the trial, the parties agreed upon the facts, and submitted to the Court the questions of law in the case, all of which arose upon the will of Charles S. Hurt, deceased.

The *fourth* item of that will was as follows: " I give and devise to my trusty friend, Andrew J. Miller, as trustee for the property herein devised and bequeathed, for the use of my nephew, Spencer Hurt, during his natural life, and his children that he may have by his present or any other future wife, that he may have, all that tract, &c. (the premises in dispute,) all the aforesaid tract of land, I devise and direct, be for the use of the said Spencer, during his natural life; that he, the said Spencer, cannot dispose of it, in any shape, manner or form; and after his, the said Spencer's death, to go to his children, if any he may have; if the said Spencer. should depart this life without children, then the land may be sold and divided as my other land."

The other lands were given to the wife of the testator during her life, and at her death, were directed to be sold, and the proceeds divided among certain legatees named.

It was admitted that Spencer Hurt had no children at the time of the death of testator, and had since died, leaving no children, never having had any.

The Court below held that Spencer Hurt, under the will, took an *estate tail*, which, under our Statute, was converted into a *fee simple*, and that the defendant was, therefore, entitled to recover.

This decision is assigned as error.

R. HARDEMAN and J. HILL, for plaintiff in error.

J. WINGFIELD, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The sole question arising upon this record is, whether Spencer Hurt took an estate in *fee tail*, in the premises in dispute, under the will of Charles S. Hurt, deceased? If so, then the plaintiff in ejectment is not entitled to recover.

The main clause in the will, on which the case turns, is in the following words: " I give and devise to my trusty friend, Andrew J. Miller, as trustee of the property herein devised and bequeathed, for the use of my nephew, Spencer Hurt, during his natural life, and his children that he may have by his present, or any other future wife that he may have, all that tract of land, &c., (the premises in controversy,) all the aforesaid tract of land, I devise and direct, be for the use of the said Spencer, during his natural life ; so that he, the said Spencer, cannot dispose of it in any shape, manner or form ; and after his, the said Spencer's death, to go to his children, if any he may have. If he, the said Spencer, should depart this life without children, then the same to be sold and divided as my other land."

It is admitted that Spencer Hurt is dead, and that he never had any children, either at the time when the will was made, or at the death of the testator, when it took effect.

Under these circumstances, it is contended for the defendant in error, and in the suit below, that this devise created an estate tail in Spencer Hurt, which by the Statute of this State, is converted into an absolute fee in the first taker. And in support of this position, *Wild's Case* (6 *Reports,* 17,) is relied on.

The rule there established, we take to be this, that where lands are devised to a person and his children, and he has no children at the time of the devise, the parent takes an estate tail. And the reason assigned for this doctrine is, that the intent of the deviser is manifest and certain that the children (or issue) should take, and as immediate devisees, they cannot take, because they are not *in rerum natura,* and by way of remainder, they cannot take, for that was not his (the devisor's) intent, for the gift is immediate ; therefore, such words shall be taken as words of limitation. *Richardson vs. Yardley, Moore,* 397. *Plow.* 519. 1 *Bulstr.* 219. 2 *Boss. and Pull.* 485. *Parthruan vs. Bundim,* 1 *Sumner,* 359.

We do not intend to controvert this proposition. Respectable authority might be cited, however, to show that under a devise to A and his issue, it seems to have been taken for granted, *that the issue took by way of remainder.* *Doe ex dem. of Duey, vs. Burnsall,* 6 *Durnf. and E.* 30. *Burnsall vs. Dary,* 1 *Bos. and Pull.* 215. *Doe ex dem. Gillman vs. Elvey,* 4 *East.* 313.

And in the case of *Heron vs Stokes,* (1 *Drue and Warren,* 107,) that eminent Judge, Sir *Edward Sugden,* suggested that the more natural construction of a gift to one and his children, *there being no children in esse at the time,* and that which he would have adopted in the absence of authority the other way, would be to hold it to be a good gift to the parent for life, with remainder to the children.

That the intention of testators, in ninety-nine cases out of a hundred, would have been furthered by adopting the suggestion of the Irish Chancellor, instead of adhering to the rule of construction in Wild's case, we entertain no doubt; still we feel ourselves bound to decide in conformity with this often recognized rule, which has been constantly followed as law, from Lord *Coke's* day down to the present period. *Buffar vs. Bradford,* 2 *Atk.* 220. *White vs. White, Mill's R.* 348. *Wharton vs. Gresham,* 2 *W. Black. R.* 1083. *Cook vs. Cook,* 2 *Vern. R.* 545. *Oats vs. Jackson,* 7 *Mod. R.* 439. *King vs. Melling,* 1 *Ventr. R.* 231. *Hughes vs. Sayer,* 1 *P. Wms. R.* 534. *Darie vs. Stevens, Doug. R.* 321. *Hodges vs. Middleton, Ibid,* 430. *Seal vs. Barton,* 2 *Bos. and Pull. Rep.* 485. *Broadhurst vs. Morris,* 2 *B. & Adolp. R.*

Passing by, then, many of the subjects discussed or alluded to in the argument, involving as they do, the most abstruse and profound, not to say perplexed, of all the questions brought before the Courts of justice, depending as they do, upon considerations and distinctions, highly technical, artificial and refined, upon this most difficult branch of the law, we think the cause before us, may be disposed of, upon a principle, in respect to which all concur, and which is indeed, distinctly enunciated in one of the resolutions in *Wilds'* case. It is as follows: " But it was resolved, that if a man devise land to husband and wife,

*and after their decease,* to their children, in this case, although they have not any child at the time, yet any child which they may have after, may take by way of remainder, according to the rules of law ; for his intent appears, that their children should not take immediately, but after the decease of the parents." *Wild's Case,* 6 *Co. Reps.* 17.

Mr. *Jarman,* in his work on Wills, (2 *volume,* 315,) says, " that it is now admitted on all hands, that a devise to A and his wife, *and after their death to their children,* gives an estate for life to the parents, with remainder to their children ; and that the notion, that such a bequest creates an estate tail, is wholly untenable." Indeed, counsel concede this doctrine. Let us then apply this rule to the case at bar.

The first clause in the 4th item of the will, gives the use of the property to Spencer Hurt, during his natural life, and the children that he may have by his present or any future wife. Had this devise stopped here, some doubt might exist, as to its meaning, viz: whether the children were to take as joint tenants or tenants in common *with* their father, or in remainder *after* him ; though I confess, that to my mind the intent of the testator would have been manifest, that Spencer Hurt was to take the whole estate alone, during his lifetime, and his children, if he had any, in remainder at his death.

But it is a well known rule of construction, that every clause and even word, in a will, shall be taken together, however detached from each other, in order to ascertain the intent of the testator. But here the item is one, and of course it must all be read together ; and in the very next breath, with no stop intervening, the testator declares " all of the *aforesaid* tract of land," that is, the same tract mentioned in the previous part of the item, and which is the subject-matter of this suit, " he devises and directs to be for the use of the said Spencer during his natural life, in such way, that he, the said Spencer, could not dispose of it in any shape, manner or form ; *and after his, the said Spencer's death, to go to his children, if any he may have, &c.*"

Either these last words are explanatory of the former, or repugnant to them. If explanatory, as we hold them to be, it

brings this entire provision of the will fully within the principle to which we have referred. If repugnant, then according to a familiar rule of construction, they must prevail, because they are subsequent, and the same consequence follows.

Our judgment therefore is, that Spencer Hurt took an estate for life only, with a contingent remainder to his children, should he have any; that dying without children, the limitation over is good, to the secondary objects of the testator's bounty, there being no technical terms used by him in the will, to contravene this purpose, either directly or by implication.

Let the judgment of the Circuit Court be reversed.