## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATLANTA, MARCH TERM, 1858.

Present—JOSEPH H LUMPKIN,
CHARLES. J. McDONALD, } Judges.
HENRY L BENNING,

---

WILLIAM JENNINGS and others, plaintiffs in error, vs. ANDER-
SON M. PARKER, defendant in error.

Jones vs. Jones, in 7 *Ga. Rep.* 76, recognized and followed.

Trover, from Fulton county. Tried before Judge BULL
at October Term, 1857.

This was an action of trover by Synthia Jennings and
others, heirs and distributees of Allen Jennings, deceased,
against Anderson M. Parker, for the recovery of a lot of ne-
groes, which he Parker received in right of his wife, under
the will of said Allen Jennings, deceased, and upon her
death the same were claimed by the plaintiffs as the heirs at
law of the testator.

The following is the portion of the will upon which plain-
tiffs relied, to-wit:

The rest of my property, both real and personal, I give
and bequeath and devise to the following persons upon the
conditions and restrictions following, to-wit: Equally to my
sons William and Thomas and to my daughters Julia Ann,

Jennings vs. Parker.

Rhoda Sophronia, Ony, and Elizabeth Jane; and as respects my said daughters, I give the same to them and them only personally, individually, exclusively, and to their children and not to their husbands. The property and interest which may fall to and belong to the said Julia Ann, Rhoda Sophronia, Ony and Elizabeth Jane, my daughters, is hereby willed and devised to them and each of them and their children, the children of their bodies, and not their present or future husbands of them or either of them; not to belong either in right or disposition to their husbands, but as before mentioned, is hereby willed and bequeathed *bona fide* in right and use to the said Julia Ann, Rhoda Sophronia, Ony, and Elizabeth Jane, my daughters, and their children respectively, and to them only, so long as they or either of them shall live. In the division, the said William and Thomas, Julia Ann, Rhoda Sophronia, Ony, and Elizabeth Jane, taking share and share alike, the latter for themselves and their children, each child representing one share or part."

Upon the trial, it was admitted that defendant was in possession of the negroes sued for, and that *Ony*, his wife, and one of the daughters of testator and legatee in said will, was dead, and that she left no child or children, and had never had a child. It also appeared that defendant was married to said Ony at the time of the making of the said will.

The presiding Judge held and ruled, that Mrs. Ony Parker having died without ever having a child, that the will created an estate tail, and the property vested absolutely in her husband.

The jury under the charge of the Court, found for the defendant, and plaintiffs excepted.

M. M. TIDWELL, for plaintiffs in error.

HAYGOOD; EZZARD & COLLIER, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The Court below held, that the will created an estate tail in Mrs. Parker.

We think that it created in Mrs. Parker, only an estate for her life.

The will is precisely like that in *Jones vs. Jones,* 7 *Ga Rep.* 76, from which it was no doubt copied; and that will was held to give only a life estate.

The decision in that case, has not been reversed by any subsequent decision. The decision in *Smith vs. Johnson* was not intended to be in reversal of it.

In respect to *Smith vs. Johnson,* I must remark however, that I did not sit in it, having been of counsel in it, and that I cannot give it my approval. I think it directly in conflict with the lessee of *Miller vs. Hart,* (12 *Ga. Rep.* 357,) and with Wild's case, (the better part of it at that,) in 6 *Coke.* Nor do I very well see, how it is to be distinguished from *Jones vs. Jones,* above referred to. It does not appear, that any of these three cases was before the Court, when it decided *Smith vs. Johnson.*

We think that the Court erred, and therefore, that there ought to be a new trial.

Judgment reversed.