HARDY R. JACKSON, and WIFE, plaintiffs in error, vs. MATTHEW COGGIN, and others, defendants in error.

The ninth item of the will of John Coggin, deceased, was as follows: " I give to my daughter, Mary Scott, and her children, free from the disposition of any future husband, Anaky and her two children, viz: Floy and Martha; and Letty and her child Winny; and Minerva and Miles, and Rose and increase; and three hundred dollars in money or notes, at my death."

*Held,* That Mary Scott took, as joint tenant with her children, and not a life estate in the whole property.

In Equity, in Pike Superior Court. Decision on demurrer, by Judge CABANISS, at chambers, 27th June, 1859.

The ninth item of the will of John Coggin, deceased, was as follows:

" I give to my daughter, Mary Scott, and her children, free from the disposition of any future husband, Anaky, and her two children, viz: Floy and Martha; and Letty, and her child Winny, and Minerva and Miles, and Rose, and increase, and three hundred dollars in money or notes, at my death."

Mrs. Scott is living, and has nine children. The bill is filed by Hardy R. Jackson, (who intermarried with Nancy C. Scott, one of said children) and said Nancy C. his wife, against the executors of the will of John Coggin, deceased, and Mary Scott, for their share of the legacy contained in the foregoing item of said will.

To this bill defendants demurred, on the ground that said Mary, under and by said item of said will, takes an estate for life, remainder to her children at her death, and that complainants had no interest in said property till the termination of said life estate.

The Court sustained the demurrer, and dismissed complainants' bill; to which decision counsel for complainants except.

GREEN & STEWART, for plaintiffs in error.

H. GREEN; and GIBSON, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The only question in this case is, does Mary Scott, the daughter of testator, take a life estate in the property bequeathed in the ninth item of her father's will; or, does she take as joint tenant with her children?

There is no doubt, that according to the rule of the common law, as well as one of the resolutions in *Wild's* case, (6 *Coke*, 17 *a.*) the mother and the children take a joint estate, unless there are some words which show a manifest and certain intent in the will to the contrary. In this case, the only words relied on, are, that the property bequeathed is to be " free from the disposition of any future husband."

Now if the object of the testator was, to protect the property given to his daughter, from the marital rights of any future husband, these words would be just as necessary, if she took one share in fee, in the whole, or an estate for life in the whole; so that after a careful examination of all the cases, which will be found collected in *Roper on Legacies*, and *Jarman on Wills*, we have come to the conclusion, that these superadded words do not manifest such a certain intent to that effect as would require, or even justify the Court in raising a life estate in the daughter, by implication.

Our statute of distributions, puts the mother and children upon the same footing. Testators sometimes give a life estate in the whole property to the wife, with remainder to the children. We do not feel called on to strain the natural and plain meaning of words to carry this property contrary to the direction, which the statute would give it.

It is said that, should we hold this to be a joint tenancy, and a division should be made of this property at the death of the testator, that after-born children of the daughter, Mary Scott, would be excluded. We do not think so; but are inclined to hold that the contrary would be true, and suppose, that to avoid such a consequence, we were to hold, that the property did not vest till the death of Mary Scott,

the mother; that after-born children might come in with those living at the death of the testator; and suppose some of these children should have children, and die; as, for instance, Mrs. Jackson, the complainant, who is a daughter of Mary Scott; the children of such child would be cut out, because they would not answer to the description of children at the time the gift took effect.

Better to hold then, that the gift takes effect immediately, subject to be reopened upon the birth of future children.

The case of *Oats ex dem., Hakerly vs. Jackson*, 2 *Strange* 1172, and the citation from *Coke on Littleton*, in that opinion, are direct and strong authorities in favor of the construction which we give to this will.

Judgment reversed