PHILIP H. TRAWEEK ET AL. v. FRANK L. KELLY ET AL.

LIMITATION OF ACTIONS. *Judgment in favor of executors. Suit by legatees. Case in judgment.*

> T. died in 1864, having made a last will and testament, and leaving several children as his devisees and legatees. On the 20th of October, 1886, the executors of T.'s will recovered a judgment in the Circuit Court against K. Several executions were issued on the judgment, and all were returned "*nulla bona.*" The administration of the estate was closed and the executors discharged on the 28th of September, 1875. On the 12th of December, 1881, the legatees filed a bill in chancery to subject to the judgment against K. certain lands which it was alleged he had fraudulently conveyed to his wife. The bill discloses the facts, (1) that at the date of the testator's death, one of the legatees was of full legal age, and under no disability; (2) that when the judgment was rendered all of the legatees were under the disability of infancy or coverture; and (3) that one of the legatees had attained her majority and was under no disability on the 2d of April, 1867, when the Statute of Limitations, which had been suspended during the war, began to run again. The defendants demurred to the bill on the ground that the complainant's right of action was barred by the Statute of Limitations. The complainants claim that the statute did not begin to run against their cause of action till the rendition of the judgment; while the defendants contend that it began to run from the death of the testator, or on the 2d of April, 1867. *Held,* that the right of action was conferred by the will, and, ordinarily, the Statute of Limitations would have begun to run from the death of the testator, assuming that the debt had matured at the time of the testator's death; but, as the statute was then suspended, it did not begin to run

against the cause of action till the 2d of April, 1867, when it again became operative. And, as the right of the complainants was joint, and not joint and several, and one of them was then under no legal disability, the statute ran against all, and all were barred at the same time.

APPEAL from the Chancery Court of Lincoln County. Hon. H. S. VAN EATON, Chancellor. The case is stated in the opinion of the court.

*R. H. Thompson,* for the appellants.

That the appellants are not barred, even though the administrators may be, is clear, according to the following authorities: *Bacon* v. *Gray,* 23 Miss. 140; *Adams* v. *Torry,* 26 Miss. 499; *Fearn* v. *Shirley,* 31 Miss. 301; *Pearson* v. *McWilliam,* 37 Miss. 588; *Anding* v. *Davis,* 38 Miss. 574; *Parmelee* v. *McGinty,* 52 Miss. 475; *Pittman* v. *McClellan,* 55 Miss. 299; *Eckford* v. *Evans,* 56 Miss. 18; *Tippin* v. *Coleman,* 59 Miss. 641. Now, the interests of the complainants in the judgment are joint, and none of them were barred until all are barred, and some of them are yet infants and married women. And at the time the right accrued all being under disability, the statute did not run against any and could not begin to run until disability be removed from all. *Masters* v. *Dunn,* 30 Miss. 264; *Anding* v. *Davis,* 38 Miss. 574. The rendition of the judgment is the time from which the statute began to run as to the complainants. The original cause of action was merged in it.

*Sessions & Cassedy,* for the appellees.

The judgment only established the fact that the testator held a valid claim against Kelly, and that the executor held the legal title thereto, and was entitled to collect it. The equitable cause of action of the legatees accrued upon the debt at the same time the legal cause of action accrued to the executor, and this was in May, 1864, when the will was probated. Now, one of the legatees, Martha E. Alford, was born January 20, 1843, and married June 23, 1864. So she was twenty-one years old on the 20th of January, 1864, and the will was probated in May, 1864. So the statute as to her did be-

gin to run, and the interests being joint and she being barred
all are barred. The statute having once commenced to run,
its operation will not be suspended by any subsequent dis-
ability. 10 Smed. & M. 100 ; 12 Smed. & M. 9 ; 52 Miss.
482.

*Calhoon & Green*, on the same side.

Martha E. Traweek was born January 20, 1843, and was
married June 23, 1864 ; but she was of age several months
before she married, and was of age before the death of tes-
tator, April 28, 1864. If the claim on which the judgment
was based was due her father she is barred, and, being joint,
barred as to one barred as to all. If wrong in this, Sarah
was born December 29, 1845, and was over twenty-one years
old and unmarried April 2, 1867, when the Statute of Limita-
tions, suspended during the war, began again to run. In
joint actions, if one be capable of suing when the cause of
action arose, when that one is barred all are barred. *Jordan
v. McKenzie*, 30 Miss. 32 ; *Saunders* v. *Saunders*, 49 Miss.
327.

COOPER, J., delivered the opinion of the court.

On the 28th of April, 1864, Cornelius Traweek died in Co-
piah County testate. By his will he devised and bequeathed
his estate to be equally divided among his children, Martha
E., Sarah C., Mary B., Cornelia C., Josephine S., and Phillip
S. Traweek.

Martha E. was born January 20, 1843. On the 23d of
June, 1864, she married, and died intestate on the 30th of
March, 1869, leaving one child ; no administration has ever
been granted on her estate.

Sarah C. was born December 29, 1845, married on the
twentieth day of December, 1870, and is yet covert.

Mary B. was born August 3, 1848, married January 9,
1866, and is yet covert.

Cornelia C. was born September 4, 1852, and died unmar-
ried and intestate August 28, 1873 ; no administration has
been granted of her estate.

Josephine S. was born March 10, 1855, married February 14, 1877, and remains covert.

Phillip H. was born March 20, 1858.

The will was duly admitted to probate, and on the 27th of October, 1866, the executors recovered a judgment in the Circuit Court of Copiah County, against the appellee, Frank L. Kelly, for the sum of $1,515 and costs; on which judgment executions were issued on the 19th of July, 1869, January 18, 1868, and June 29, 1874, on which returns of *nulla bona* were made, and the judgment remains wholly unpaid.

The administration of the estate of Traweek was closed and the executors discharged, September 28, 1875.

The bill in this cause was filed in the Chancery Court of Lincoln County on the twelfth day of December, 1881, by the surviving legatees and the heir and distributee of Martha E. Alford (*nee* Traweek), deceased, against Frank L. Kelly, the defendant in the judgment above mentioned, and Mary J. Kelly, his wife, for the purpose of subjecting to the satisfaction of said judgment certain lands and personal property which it is alleged was, in the year 1874, fraudulently and voluntarily conveyed and transferred by Kelly to his wife.

A demurrer, setting up the bar of the Statute of Limitations, was interposed by both defendants, which was sustained and the bill dismissed.

The complainants prosecute this appeal.

From the facts above stated, it appears that at the death of the testator, Martha E., one of the legatees, was of age and unmarried, the other legatees being then infants. On the second day of April, 1867, on which day the Statute of Limitations, which had been suspended during the civil war, began to run. Sarah C. was above the age of twenty-one years and unmarried, the other legatees being then all under disability of infancy or coverture. On the 27th of October, 1866, the date of the rendition of the judgment, and on the 28th of September, 1875, when the administration of the estate

was concluded, all the legatees and the distributee of the one deceased were under disability of coverture or infancy.

The principle invoked by the complainants in support of their right to maintain the action, notwithstanding the lapse of time, is that by reason of their disabilities of infancy and coverture their rights have not been affected, though the executors of their father had, before their settlement of his estate, been barred by limitation of all right of action on the judgment.

The cases in this court in which the principle here invoked has been considered are *Bacon* v. *Gray*, 23 Miss. 140 ; *Kilpatrick* v. *Burk*, 23 Miss. 199 ; *Adams* v. *Tony*, 26 Miss. 499 ; *Fearn* v. *Shirley*, 31 Miss. 301 ; *Pearson* v. *McMillan*, 37 Miss. 588 ; *Anding* v. *Davis*, 31 Miss. 574 ; *Pittman* v. *McClellan*, 55 Miss. 299 ; *Eckford* v. *Evans*, 56 Miss. 18 ; and *Tippin* v. *Coleman*, 59 Miss. 641.

In all cases of administration the administrator is the representative of the distributees, he alone is clothed with the legal title to the personal estate, and suits to recover debts due cannot be brought by the distributees pending the administration. There is no right of action in the distributees until settlement of the administration. *Fountain* v. *Anderson*, 33 Ga. 379 ; *Wingfield* v. *Virgin*, 57 Ga. 142 ; *Dornall* v. *Adams*, 13 B. Mon. 273 ; *Chapman* v. *Hollister*, 42 Cal. 462 ; *Meeks* v. *Kirby*, 47 Cal. 168.

If, however, the intestate owes no debts and there is, therefore, no necessity for administration, the distributees may sue in equity to recover the debts due to the intestate. *Haynor* v. *Thompson*, 31 Miss. 211 ; *Maxwell* v. *Croft*, 32 Miss. 307 ; *Manly* v. *Kidd*, 33 Miss. 141.

And because they may sue, the Statute of Limitations will run against them, though no administration is granted. *Manly* v. *Kidd*, *supra*.

In all of the cases from *Bacon* v. *Gray* to *Tippin* v. *Coleman*, the disabilities under which the parties labored were of a double character, one personal to the party, as coverture,

infancy, or the like, which would, during its existence, have prevented a suit if no other obstacle had intervened ; the other, generic, and springing from the existence of a guardian, administator, or trustee charged with the duty and having the sole right to enforce the demand by suit at law.

They were the personal disabilities named in the proviso to the Statute of Limitations, which were considered in those cases and held to be a sufficient reply to the plea of the statute. Those of the other class were not considered, and it has never been held that their existence prevented the bar of the statute when it could be interposed successfully against the trustee, guardian, or administrator.

For the purpose, therefore, of testing the question of the applicability of the bar of the statute to complainants' proceedings, we are to consider the disability only of infancy and coverture relied on by them. To do this it is first necessary to determine the origin in point of time of the title they assert to the debt, payment of which is sought to be enforced.

It did not arise on the day the administration of their ancestor's estate was ended and the executors discharged. The discharge of the executors did not confer upon them an interest in the debt ; it only converted what before had been an equitable or conditional title into a legal, absolute one, and removed the obstacle which had before that prevented an enforcement of their rights by themselves and in their own names. Nor did their right spring into existence upon the rendition of the judgment against Kelly in favor of the executors. They had the same interest in the claim on which the judgment was rendered before judgment, that they had in it merged in the judgment.

Their interest, or title, or equity (whatever it may be called), the right which the courts protect and enforce, was conferred by the will of their ancestor and existed from and after the date of his death. Ordinarily that would be the date to be fixed as the period at which their right of action would accrue, and the date from which the Statute of Limita-

tions would begin to run. But at this time the Statute of Limitations was suspended in this State, and did not become again operative as a law until April 2, 1867. It was at this date, therefore, that the statute began to run on their debt as against them, if they were then of full age. At this time all of these legatees were under disability, except Sarah C., who was then of full age and unmarried. As to her, the statute then began to run, and having once commenced it continued to do so notwithstanding her subsequent marriage. *Stevenson's Heirs* v. *MeReary*, 12 Smed. & M. 9.

The right of complainants under the will was joint, and not joint and several ; and because it was, and because at the time the Statute of Limitations commenced to run one of the joint owners was not under disability, all were barred when she was. *Jordan* v. *McKenzie*, 30 Miss. 32.

If, instead of testing the rights of complainants by the condition of the parties at the period when the Statute of Limitations began to run, April 2, 1867, they be tried by that existing at the death of the testator, April 28, 1864, the same result would be reached, for on that day Martha E. was not under any personal disability.

As it is not stated in the bill when the debt matured, we have, in conformity with the rule that the pleadings are to be construed most strongly against the pleader, assumed that it was due at the date of the death of the testator.

The decree is affirmed.