ROBERT E. STAUFFER ET AL. *v.* BRITISH & AMERICAN MORT-
GAGE COMPANY.

1. STATUTE OF LIMITATIONS.  *Joint actions.*  *One barred all barred.*
   Where, at the time of the accrual of a joint cause of action, one of the parties to whom the same accrues is not under disability, the statute of limitations will run against all, and when one is barred all are barred.

2. SAME.  *Descent.*  *Cause of action acquired by.*  *Joint.*
   An equitable right to a cause of action on a debt accruing to two or more persons by descent from the creditor, is a joint right.

FROM the chancery court of Tallahatchie county.

HON. A. H. LONGINO, Chancellor.

Robert E. Stauffer and others, appellants, were the complainants in the court below; the British & American Mortgage Company was defendant there.  The opinion states the case.

*John Baily,* and *C. H. Broome,* for appellants.

Appellants, infants, and their mother inherited from their father the notes sued on before they became due.  Counsel for the appellees, assuming that the notes constitute a joint, and not a joint and several, claim, and that the mother would have been barred when the bill was filed had she not previously cancelled her interest, invoke the statute of limitations against the infant.  Both of the assumptions are incorrect.  The cases decide that where a cause of action is joint, and some of the plaintiffs are barred, all are barred, but otherwise where the cause of action is joint and several.  By inheritance the parties owned

these notes jointly and severally, each taking a separable and distinct, though undivided, interest subject to partition as other property.    Code of 1880, § 1273.    Under the statute cited personal property descends as real estate, and heirs unquestionably at common law, as well as under our statutes, take land as tenants in common, and not in joint tenancy.    Chitty's Blackstone, 19 London Edition, Book 2, pp. 180, 181, and Kent's Commentaries.    If appellants inherit as tenants in common, they have a joint and several right of action, and not a joint claim as joint tenants would have; hence the cases cited do not apply.

*W. S. Eskridge* and *Wm. C. McLean,* for appellee.

The law is well settled in this state and elsewhere that Mrs. Stauffer and her infant children, having a joint interest in the notes sued upon, and Mrs. Stauffer being under no disability to sue on the first of November, 1887, when the last note became due, and having failed to sue within six years thereafter, she was barred, and she being barred, her minor children, the complainants, also became barred; this is on the principle that when once the statute begins to run against one it runs against all having a joint right of action.    See *Jordan* v. *McKinzie,* 1 Ga., 32; *Masters* v. *Dunn,* 1 Ga., 264.

The principle settled in these cases is approved in *Anding* v. *Davis,* 38 Miss., 574.

The same rule is expressly decided by this court in *Traweek* v. *Kelly,* 60 Miss., 652, and *Tippen* v. *Coleman,* 61 Miss., 516; see also *Marsteller* v. *McLean,* 7 Cranch, 156, and *Shute* v. *Wade,* 5 Yer., 1.

We are aware that the rule recognized does not apply to real actions where the interest is not joint, but joint and several as settled by this court in *Root* v. *McFerrin,* 37 Miss., 17.

It is an old and well established rule that tenants in common in personal actions must sue jointly.    4 Kent, top page 387; 2 Coke, sec. 316, page 198*b*; *Dicker* v. *Livingstone,* 15 John., 478; *Austin* v. *Hall,* 13 John., 286.

It was argued in the court below that under the law of descent in this state personal property descends as real estate, and that according to that rule the complainants inherited a joint and several interest in the notes sued on, and consequently as in actions for real property the bar of Mary Stauffer would not bar the minor complainants. This is a misapprehension of the law. It does not change the law of descent as it existed at common law, by which real estate descends directly to the heir, while personal estate goes to the administrator to be distributed.

Argued orally by *W. C. McLean,* for appellee.

TERRAL, J., delivered the opinion of the court.

Emile Stauffer, on the sixth of December, 1883, sold and conveyed to I. & E. Blackwell a valuable tract of land in Tallahatchie county, reserving a vendor's lien for $2,017.50, due and owing by their promissory notes, and payable; the first note for $517.50, on the fifteenth of November, 1884, and the other three notes, for $500 each, on the fifteenth of November, 1885, 1886, and 1887, respectively, and each of these notes was payable to Emile Stauffer or to his order or assigns.

Emile Stauffer died March 7, 1884, intestate, and without having assigned these notes, leaving as his heirs and distributees, his wife, Mary Stauffer, of full age, and four minor children of tender years. No administration was ever had on the estate of Emile Stauffer, but Mary Stauffer obtained the legal title to the lands sold from the Blackwells, though without collecting the notes given for the purchase money, one of the notes however being cancelled, or attempted so to be, by Mary Stauffer, when she gave a mortgage to the defendant mortgage company, which became the legal owner of the land through a sale under said mortgage. Long after six years had expired from the date of payment fixed by the last note, but before said four minors, or any one of them, became of age, they, by Manly,

their next friend, brought this suit to recover the sum of said notes from the defendant mortgage company, and to enforce the vendor's lien thereon. The statute of limitation was inter-posed by demurrer.

That no person except an administrator could collect by suit at law the debts due the estate of the intestate is well settled; but it is held by a line of descisions in this state that where the intestate owes no debts, the distributees may sue in equity to recover the debts due to the estate of the intestate, and that in such cases the statute of limitations will run against such debts, though no administration is granted. *Traweek* v. *Kelly*, 60 Miss., 652.

It is insisted by the learned counsel for the appellants that the rights and interests of the appellants are several and dis-tinct from the right or interest of their mother, Mary Stauffer, and that these rights are in no sense joint. However, we think the interest of the distributees of Emile Stauffer in these notes was a joint interest; certainly no one of these distributees could have sued for the recovery of the one-fifth part of these four notes, or of one of them. To have had a recovery on all or on any of these notes all of the distributees must have been before the court. It is obvious, in our apprehension of the matter, that the interest of the distributees of Emile Stauffer in the notes sued on is a joint interest, and that these minor distribu-tees are barred of any suit because their mother, Mary Stauffer, is barred, upon the familiar rule that where one of the parties to a joint action is of age when the cause of action accrues, the statute of limitation runs against all, and when one is barred all are barred.

*Affirmed.*