CHARLES T. MANN et al. *v.* YAZOO CITY.

1. PRINCIPAL AND SURETY: PUBLIC OFFICER.—The sureties of a public officer are
not liable for a defalcation of their principal, which occurred previous to the
execution of the bond.

2. PRINCIPAL: ADMISSIONS OF: EFFECT AS TO SURETY.—The statements of a public
officer, charging himself with money received in his official character, are at most,
but *prima facie* evidence against his sureties, and may be rebutted by them, and
shown to be untrue.

3. PRINCIPAL AND SURETY: PUBLIC OFFICER.—If a public officer, entrusted with the
safe-keeping of public money, upon his election for a second term, transfer to
his books for that term, and charge himself with the balance of money remain-
ing on hand at the expiration of his first term, it will be competent for his
sureties on his bond for the second term, when sued for his defalcation, to show
in exoneration of their liability, that the balance so transferred and charged
was not on hand in cash at the time, but had previously been misapplied by the
officer.

4. WITNESS: COMPETENCY OF.—An inhabitant and tax payer of a municipal corpora-

Mann et al. *v.* Yazoo City.

tion, is a competent witness, both for and against the corporation, in suits in which the corporation is a party.

In error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

*Q. D. Gibbs,* for the plaintiffs in error.

1. Michie, being a large tax payer in Yazoo city, was not a competent witness for the corporation.

2. The court erred in refusing to permit the sureties to show that the defalcation occurred before the election of Mann for the second term. The principle involved in this ruling of the court was very elaborately discussed in the case of *The United States* v. *Eckford's Ex'rs,* reported in 1 Howard, (S. C.) 250. The court there say, the "sureties are responsible for the faithful performance of his duties for the term of his appointment." "The amount charged against a collector at the commencement of the term is only *prima facie* evidence against the sureties. If they can show that the balance charged, in whole or in part had been misapplied by the collector prior to the new appointment, they are not liable." In *Miller* v. *Stewart,* 9 Wheaton, 680, the same court say, "the liability of surety is not to be extended by implication beyond the terms of his contract." The same court has gone still further, in the case of *The United States* v. *Giles et al.,* 9 Cranch, 212. They there say the sureties for the second term are not liable when a marshal has received money during his first term, and has it in his possession after he is qualified for the second, if he has been instructed before his second term as to the appropriation, and fails to comply with the instructions given. See also 1 Peters, C. C. R. 46.

*G. B. Wilkinson,* for defendant in error.

For the defendant in error it is contended, that the acknowledgments of Mann were legal evidence against his co-defendants in the court below. The *general rule* is, that if the parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one, is evidence against all. 1 Greenleaf, Ev. 231, and notes. To this rule there are some exceptions. This

is not one of them. See also same authority, 244. The accounts handed in by Mann, before his resignation was received, show upon their face that they were made during the transaction of the business for which the sureties were bound.

The next objection in the record was to the introduction of Michie as a witness, it being admitted that he was a citizen of Yazoo city, and a heavy tax payer. That the inhabitants of a town are admitted as competent witnesses in all cases in which the rights and liabilities of the corporation only are in controversy, see 1 Greenleaf, Ev. 438, 439.

The next exception taken is, the refusal of the court below to permit the defendants to show that the defalcation of Mann, in fact, took place before the execution of the bond sued on. This evidence was clearly incompetent, and was properly excluded. Mann, as it appears from the bill of exceptions, was the town treasurer the year before the bond sued on was executed; he was re-elected, and as his own successor receipted to and released all right of action on his former bond, by his own admissions made in the regular discharge of his duties, during his term of office, he is estopped from denying the fact, that the money came regularly to his hands as treasurer. He was the party by law entitled to receive all moneys in the hands of his predecessor. If the corporation had sued on the first bond, they would have been met in defence by Mann's receipt for the money. Suing, as they do, on his second bond, they are sought to be defeated by showing that the defalcation commenced before the last election and bond. He cannot escape in this way. He has abused the trust reposed in him, squandered the funds intrusted to his keeping, and ought to be held to a rigid accountability.

FISHER, J., delivered the opinion of the court.

This was an action brought by the plaintiffs below, in the Circuit Court of Yazoo county, upon the official bond executed by Charles T. Mann, and his sureties, as treasurer of Yazoo city.

The defendants below—that is, the securities—offered to prove on the trial, that the moneys alleged to have been misapplied by the treasurer, were misapplied by him while acting under a former

Mann et al. *v*. Yazoo City.

appointment to the office, and before the execution of the bond, which evidence the court rejected. The sureties undertook to be responsible for the future, and not for the past conduct of the treasurer. They did not undertake to be responsible for what had been improperly done; but only for what might be done in future. This statement of the proposition would seem to carry with it the decision of the court; and hence, we must suppose, that in the rejection of the evidence, the court acted upon the principle, that, as Mann, the treasurer, had, after the execution of the bond, charged himself with a certain sum of money, he was estopped to deny the correctness of this charge; and that whatever estopped him would estop his securities. However correct the rule may be as to Mann, it can have no application as to his securities. His statement as to them, would at most, be but *prima facie* evidence, and could, of course, be rebutted or shown to be untrue.

It is also insisted, that the court below erred in admitting Michie, who was a resident of the City of Yazoo, and a large tax payer, to testify on behalf of the plaintiffs below. There is but a slight conflict in the authorities on this point; the majority of them holding that an inhabitant of a municipal corporation is a competent witness, either for or against the corporation. The principle upon which it is said in some of the books, that such witnesses is incompetent is, that he is a party to the record, if the suit is against the corporation, and his property is therefore liable to be taken in execution, to satisfy the judgment, if obtained. This doctrine is not recognized in this State; and hence, the witness would be held competent.

The other points arising in the case do not require notice, as the two above decided settle the merits of the case.

Judgment reversed, and cause remanded.