### Roderick L. Van Ness v. Hiram S. Hadsell.

*County treasurer—Accounting — Estoppel—Compounding felony—Business books in evidence—Receipts.*

1. Assumpsit on the common counts lies at the suit of a county treasurer against his official predecessor, for the amount of county moneys which the plaintiff has accounted for to the county as received from defendant but which in fact has not been so received.

2. It is not compounding a felony for an official to account for moneys as received from his predecessor, and himself assume their payment upon the latter's assurance that he will make the amount good if the accounts are incorrect.

3. A county treasurer who, in settling with the county, has charged himself with certain money as received from his predecessor, when it has not in fact been received, is not estopped, in suing his predecessor for the amount, from claiming that the latter had not paid it.

4. A county treasurer's entries on his official books of the balances remaining at the end of his term are evidence against him as admissions of the amount which he has paid over to his successor.

5. A county treasurer's books are admissible in evidence in an action involving the amount turned over to his successor, and alterations in the entries cannot be presumed unless they are manifest, nor presumed to be wrongful.

6. In an action by a county treasurer against his predecessor for moneys which the latter should have paid over to him, inquiries into plaintiff's private business or his bank account are impertinent unless there is some offer to show that they bear on the issue whether the money has been paid over.

7. Receipts relied upon by a defendant in assumpsit as covering the money sued for must be produced; or sufficient reason must be given for not producing them, as a foundation for secondary evidence.

8. A county treasurer sued his predecessor for moneys which defendant should have paid over but had not, and defendant sought to dispute an entry on his own books which showed the receipt of money from a certain township. *Held* proper for the court to suggest that he should have resorted to the township treasurer to show that it was not paid.

Error to Cass. (A. J. Smith, J.) June 20–24.—Sept. 23.

ASSUMPSIT. Defendant brings error. Affirmed.

*M. L. Howell* for appellant. A county treasurer is required to keep his books correctly, and public policy should estop him from claiming that he made false entries: *People v. McKinney* 10 Mich. 96; *Detroit v. Weber* 29 Mich. 28; no less accuracy is permitted in them than in the return of a sheriff; and a sheriff cannot dispute his own return in any action to which he is a party: *Townsend v. Olin* 5 Wend. 207; *Gardner v. Hosmer* 6 Mass. 325; *Phillips v. Elwell* 14 Ohio St. 240; *Hustick v. Allen* Coxe (N. J.) 168; *Sheldon v. Payne* 7 N. Y. 453; *Egery v. Buchanan* 5 Cal. 56. See *Boone Co. v. Jones* 54 Iowa 699; *Morley v. Metamora* 78 Ill. 394; *Roper v. Sangamon Lodge* 91 Ill. 518; *Chicago v. Gage* 95 Ill. 625; *Gingrass v. Iron Cliffs Co.* 48 Mich. 413; the county treasurer's books are presumed to show the amount

due from the treasurer to the county: *State Bank v. Chapelle* 40 Mich. 447.

*Harsen D. Smith* for appellee.

CAMPBELL, J.  Van Ness, who was Hadsell's successor as county treasurer of Cass county, sued the latter and recovered for a balance of $800, for which plaintiff had accounted as received from defendant, when in fact there was so much not turned over to him.  A good many errors are assigned, but they rest on a few grounds.

We can see no reason why recovery was not proper under the common counts.  The money in question was county money which defendant claimed to have accounted for to plaintiff as his successor, and which plaintiff originally supposed had been accounted for, and so credited to the county as against himself.  It became plaintiff's money by his settlements, and he was the person to whom it should have been paid by defendant.  It is a very simple case.

The objection that charging himself and reporting it to the county as funds on hand, under his arrangement with defendant, was a compounding of felony and unlawful, is of no force.  It may have shown that defendant got some advantage of plaintiff in persuading him that the account should be made good, if incorrect, and so inducing him to assume the burden ; but it was no wrong in plaintiff to pay the county what defendant ought to have paid, and had agreed to make good if the accounts were incorrect.

Neither is there any force in the argument that, because plaintiff, in his accounting, charged himself in favor of the county with this money, he is estopped from claiming that defendant had not actually paid it to him.  The county might, with some force, set up a claim that he should make good his own representations and admissions, if he had attempted to evade them ; but no one else had any concern in his entries. The idea that a debtor, because some one else has been induced by him to advance money to the creditor on his behalf, can repudiate his liability to refund the advances, is not very plausible.

The defendant's entries on his own official books were evi-

dence against him to the extent of their admissions, and the burden was on him to show that he paid over to his successor the balance appearing there. There is nothing in the record to indicate any reason why they should not have been accepted, and the court was right in holding him to that burden. The books were admissible under any circumstances, and if it was claimed they had been altered, that could not be presumed to have been done at all, unless manifest, nor presumed to have been done wrongfully. The record does not indicate that any further instructions were called for than were given. It does not inform us of any such occasion.

We see no pertinency in the attempt to inquire into plaintiff's private business or his bank account. It could not, under any offer that was made, have had any bearing on the issue whether defendant had paid him. There was no offer to prove anything which would have thrown light on this fact.

If defendant's defense rested on receipts which he claimed as covering the money in question, the court was quite correct in holding that he must either produce them or give some good reason for not doing so. This is required as a foundation for secondary evidence.

It was not error to hold that when defendant's books showed a receipt of money from a township, which he desired to dispute and claimed to have been a changed entry, he should have resorted to the township treasurer to show it was not paid to him. The court did not shut out any other testimony, but this was obviously a proper suggestion, as it must be presumed the town treasurer would take and preserve vouchers of his payments, and would have means of recalling or disputing them.

The judge does not seem to have been favorably impressed with the defense, but we find nothing in his remarks, so far as covered by any exception, to indicate that he gave any wrong rulings, or in any way misled the jury, or interfered with their functions.

The judgment must be affirmed.

The other Justices concurred.