J. B. McKINNEY ET AL. *v.* STATE, USE MONROE COUNTY.

1. PRINCIPAL AND SURETY. *Official bond. Breach. Former term.*
   In a suit on the bond of a county treasurer for failure to pay over funds to his successor, a plea alleging that the money was collected during a former term, for which a different bond was given, is demurrable if it fails to negative the inference that the amount was in the hands of the officer as his own successor when the bond in suit was executed.

2. SAME. *Excessive commissions. Suit. Statute of limitations.*
   In such suit where the treasurer during his term retained money allowed him as excessive commissions by the board of supervisors, it cannot be pleaded that the mere retention was a breach of the bond, and that the statute of limitations then commenced to run against its recovery. The money remains in the custody of the officer just as before the void allowance. *Howe* v. *State*, 53 Miss. 57.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

J. B. McKinney was elected treasurer of Monroe county for an unexpired term, and gave bond and qualified April 4, 1881. In November of that year he was elected for the succeeding term of two years, beginning the first Monday in January, and qualified by giving bond on January 2, 1882. He continued in office until January 2, 1884, when his successor qualified.

On October 5, 1889, this suit was instituted against said J. B. McKinney and the sureties on his second bond, for the use of Monroe county. The sole breach of the bond alleged in the declaration is that the treasurer failed to pay over to his successor on January 2, 1884, the sum of $850, county funds received by him during the term of office beginning the first Monday of January, 1882, and ending January 2, 1884. To this declaration the said McKinney and his sureties pleaded as follows:—

1. That J. B. McKinney, treasurer, in his various settlements with the board of supervisors was allowed by said board, of its own motion, excessive commissions, all of which settlements, when excessive commissions were allowed, defendants say constituted as many breaches of the condition of said bond, to wit: Excess allowed in 1882, $207.48; in 1883, $441.04; in 1884, $154.14; aggregating

$802.66. Defendants say that as to all of said breaches and settlements, except that of 1884, a right of action hath not accrued to the state of Mississippi for the use, etc. within six years next preceding the bringing of this action.

2. For further plea the defendants aver that the said sum of $154.14, excessive commissions allowed in January, 1884, together with interest, had been tendered to the successor of McKinney before the suit was brought, and the plea alleged that the same was brought into court ready to be paid by the defendants.

3. "And for further plea in this behalf, defendants answering say that the following settlements and breach because of the excessive charge of commissions, to wit, settlement of January, 1882, excess $207.48, was not covered by the bond set forth in the said declaration of which they were the obligors, but by a prior bond of a previous date, to wit, 1881; wherefore, they say that they do not owe the said $207.48, and this they are ready to verify."

Demurrers were sustained to all of these pleas, and, the defendants declining to plead further, judgment was entered in favor of plaintiff for $802.66 and interest, from which judgment this appeal is taken. The appeal is prosecuted by the defendant, McKinney, and three of the nine sureties against whom judgment was rendered.

*Gilleylen & Leftwich,* for appellant.

1. This suit was brought under a misconstruction of § 460 of the code. Under the statute the treasurer was entitled annually to his commissions. He was not required to wait until a final settlement under § 368 of the code. When the excessive commissions were allowed by the board, there was a conversion of the funds and a breach of the treasurer's bond, upon which a right of action accrued. *Johnson* v. *Pyle,* 11 S. & M. 193; 25 Miss. 609; Angell on Lim. p. 41; Wood's Lim. § 141; Murfree's Off. Bonds, § 640.

The statute of limitations began to run in favor of the sureties at the time of the breach. Wood's Lim. §§ 141, 195; 25 Ind. 107; 15 Cal. 294; 1 McLean C. C. 493. The statute runs from each breach, and the recovery may be had as to sums not barred. Murfree's Off. Bonds, §§ 784, 785; Wood's Lim. § 356; 7 Met.

116; 7 Ala. 679; 134 Mass. 136 and authorities cited; *Davis* v. *Gorton*, 69 Am. Dec. 694. Appropriating the money was a conversion of the funds and a breach of the bond. Murfree's Off. Bonds, §§ 453, 454.

Sections 368, 404 and 1542 of the code must be construed together. Section 1542 certainly includes official bonds; and, where there is a breach, it is not necessary to wait until the termination of the office to bring suit. Here any tax-payer might have sued the moment there was a misappropriation. Code 1880, §§ 404, 1542. Under the above authorities, the right to sue for all the sums mentioned in the first plea was barred except the sum of $154.14 allowed in 1884.

2. As to the sufficiency of the plea of tender, see § 1577, code 1880.

3. The sureties in this case are not bound for the defalcation of $207.48, which was covered by the previous bond. 14 Am. Dec. 259; 96 Ib. 312; *Lauderdale County* v. *Alford*, 65 Miss. 63; Murfree's Off. Bonds, 224; *United States* v. *Eckford*, 1 How. (U. S.) 250.

It is immaterial that the excessive commissions were paid McKinney after the execution of the second bond. The liability arose under the first bond. · Murfree's Off. Bonds, §§ 219, 636; 43 Tex. 279.

The third plea was sufficient. It informed plaintiff of the defense relied upon. 67 Miss. 75.

*W. B. Walker*, for appellee.

The pleas admitted that the $802.66 was held back and not delivered by McKinney to his successor. On this admission, plaintiff was entitled to judgment. *Howe* v. *State*, 53 Miss. 57.

It was the duty of the treasurer to pay over the money at the expiration of his term of office. The statute of limitations did not begin to run until January 2, 1884, and the suit was brought within six years from that time.

*E. H. Bristow*, on the same side.

1. The statute of limitations is inapplicable. The only breach

of the bond is that McKinney failed to deliver money belonging to the county to his successor *at the expiration of his term of office, January 2, 1884.*

2. The second plea is insufficient because it fails to tender the full amount due.

3. The third plea is too vague and indefinite to constitute a defense; but, if we assume it to be technically sufficient, it is not an answer to the declaration. It is immaterial when the treasurer *received* the money. The breach of the bond is that he failed to pay it over at the expiration of his term of office. We are not suing for the failure to report under § 369 of the code; nor for charging illegal commissions; nor for converting the funds of the county, but for the failure to pay over the amount. McKinney's retaining the amount as illegal commissions simply left that much money of the county in his hands to be delivered to his successor. He will not be heard to plead his own wrong in the failure to pay it over. It is a breach of this duty, and not the receipt of the money, which fixes the time of the liability. Murfree's Off. Bonds, §§ 639, 640, 641; 77 N. Y. 350; 1 Ind. 304; 78 Ill. 394.

Our statute dispenses with a great many difficulties that have been encountered in other states by statutes requiring the officer to pay over " all money belonging to the county," " all money in his hands," and the like. Section 368 of the code simply requires the treasurer to pay over to his successor " all money belonging to the county."

COOPER, J., delivered the opinion of the court.

The plaintiffs' demurrers were properly sustained to all the pleas of the defendants.

If the third plea be construed as alleging that the money, on which the illegal commissions therein referred to were allowed, was received by McKinney during a prior term of office, for which term another and a different bond than that sued on had been given (*Mann* v. *Yazoo City*, 31 Miss. 574), the plea is nevertheless insufficient, because it not only fails to deny that the money was in his hands as his own successor at the time of the execution of the

bond here sued on, but on the contrary, by necessary inference, shows that it was then in his custody. All the pleas are bad, for the reason that an illegal allowance *by the board of supervisors* is not a breach of his bond *by the treasurer.*

Notwithstanding the unauthorized and void order of the board, the fund remained in the hands of the officer as the money of the county just as it was before. The order of a board of supervisors making an unlawful appropriation of money belonging to the county is in law as though it never had been. *Howe* v. *The State,* 53 Miss. 57.

*Affirmed.*